**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SCOTT A. SAMFORD, #835644,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1034-B |
| | ) | |
| **CYNTHIA SAMFORD, et al.,** | ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Pack I Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Navasota, Texas. Defendants are Cynthia Samford, Plaintiff's ex-wife; Douglas Dretke, TDCJ-CID Director; Bill Hill, Dallas County District Attorney; H. Dudley Perry, Mesquite Police Department Investigator; and Don H. Costilow, TDCJ Classification Committee Member.

The Court did not issue process in this case, pending preliminary screening. On June 13, 2005, the Court issued a questionnaire to Plaintiff who filed his answers on June 24, 2005. After granting Plaintiff's motion to amend his complaint to add new defendants and claims, the Court

issued an amended questionnaire to Plaintiff on November 3, 2005. Plaintiff filed his answers to the amended questionnaire on November 28, 2005.

<u>Statement of Case</u>: In his amended complaint, Plaintiff seeks to sue his ex-wife, Ms. Samford, and Investigator Perry, with whom she was allegedly romantically involved, for conspiracy. He alleges their conspiracy led to his indictment and conviction for aggravated assault with a deadly weapon, for which he is presently incarcerated. Specifically he alleges that Ms. Samford and Investigator Perry fabricated a stalking charge, for which he was convicted and placed on probation. Following his stalking conviction, Ms. Samford allegedly furnished a Victim Impact Statement, which "contained allegations that due to Samford's stalking, she sustained $500.00 damage in the form of multiple bullet hole." (Amended Complaint at 2). Plaintiff alleges the Victim Impact Statement led to his indictment and subsequent conviction for aggravated assault. (<u>Id.</u> at 2 and 3).[1]

The amended complaint also raises a claim against TDCJ-CID for prohibiting Plaintiff from writing to or receiving letters and photographs from or about his sons, and against Classification Committee Member Costilow for sending a notice to Ms. Samford on October 7, 1998, confirming that her sons could no longer correspond with Plaintiff pursuant to a court order. (<u>See</u> Oct. 7, 1998 Letter attached as exhibit 5 to amended complaint). Plaintiff concedes being served with a copy of the same in 1998 while under treatment for depression at the Skyview Unit of TDCJ-CID. (Amended Complaint at 13). In challenging the validity of the 1998 letter, he states that he "is not under the jurisdiction of any court order that prevents any

---

[1] It appears Plaintiff named District Attorney Bill Hill merely because he was the District Attorney for Dallas County at the time he was indicted and subsequently convicted of aggravated assault.

contact with his sons," and that Ms. Samford called TDCJ-CID after his conviction and merely said there was a "court order." (Amended Complaint at 2).

Plaintiff requests monetary relief against Ms. Samford, District Attorney Hill, Investigator Perry, and Classification Committee Member Costilow. (Amended Complaint at 15-16 and Answer to Question 2). He also requests injunctive relief against Dretke and/or TDCJ-CID. (Id.).

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The claims against District Attorney Hill lack an arguable basis in law. Plaintiff has failed to allege that Hill was personally involved in any constitutional deprivation other than for being the District Attorney for Dallas County at the time Plaintiff was indicted and subsequently convicted of aggravated assault. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

3

"As a prerequisite [to § 1983 liability], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005) (quoting Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995)); see also Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983) (same).

Alternatively any claim for monetary damages against District Attorney Hill is barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997).

Next Plaintiff seeks to sue Ms. Samford and Investigator Perry for conspiring to have him unlawfully indicted and convicted of aggravated assault with a deadly weapon. He alleges that he would not have been convicted of aggravated assault but for their conspiracy and involvement. (Amended Complaint at 3, and 4-11). Plaintiff's own allegations confirm that these claims implicate the validity of his conviction for aggravated assault for which he is presently serving a twenty year sentence in TDCJ-CID.

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

4

writ of habeas corpus, 28 U.S.C. § 2254.

The <u>Heck</u> Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." <u>Id.</u> at 487.

In answer to the questionnaire, Plaintiff confirms that he has not satisfied the favorable termination requirement set out in <u>Heck</u>. (Answer to Question 1 of Amended Questionnaire). Although he has filed a federal habeas corpus action challenging his aggravated assault conviction, <u>see</u> <u>Samford v. Dretke</u>, 3:03cv1969-M (N.D. Tex., Dallas Div.), that action is still pending before District Judge Barbara M.G. Lynn. Therefore, Plaintiff is precluded from maintaining a claim under § 1983 at the present time. The District Court should dismiss Plaintiff's claims against Ms. Samford and Investigator Perry as frivolous, but without prejudice to Plaintiff reasserting them when the <u>Heck</u> conditions are met. <u>See</u> <u>Clarke v. Stadler</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (dismissing <u>Heck</u> barred claim without prejudice); <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under the rule in <u>Heck</u> is legally frivolous); <u>Williams v. Cleer</u>, 123 F. Appx. 591, *593 (5th Cir. 2005) (following <u>Stadler</u> and dismissing <u>Heck</u> barred claims without prejudice to refiling at such time as the conviction or imprisonment has been expunged, reversed or otherwise set aside).

Next Plaintiff seeks monetary damages from Classification Committee Member Costilow for writing and sending a letter to Ms. Samford on October 7, 1998, confirming that her sons had been placed on Plaintiff's negative correspondence list. (Amended Complaint at 12-13, and attached civil rights complaint form at 3 and exh. 5). The lengthy delay between the alleged event and omission and the date of filing of Plaintiff's complaint in this court on May 17, 2005,

5

prompts consideration of the timeliness of this action.  See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B)).  In Texas, § 1983 actions are governed by the two-year personal injury limitation period.  Owens v. Okure, 488 U.S. 235, 249-50 (1989); Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2005).

Under the facts presented in the amended complaint, all claims against Defendant Costilow accrued in October 1998, when he sent the letter at issue to Ms. Samford and served a copy of it on Plaintiff, who was undergoing treatment for depression at the Skyview Psychiatric Unit of TDCJ-CID.  (Amended Complaint at 13).  Plaintiff does not allege that he did not know of the injuries that are the basis for his claim against Costilow, or that, if not tolled, the limitation period did not begin to run on that date.  It is clear, therefore, that the limitation period with respect to the claims against Costilow began to run in October 1998, and expired two years later in mid October 2000.  Therefore, the claims against Defendant Costilow are time barred and should be dismissed.

With respect to the claims for injunctive relief against TDCJ-CID and Director Dretke, the Court notes that Plaintiff is presently pursuing a civil rights action in the United States District Court for the Southern District of Texas, Houston Division, against TDCJ and its employees for placing his sons on his "negative correspondence list."  (Answer to Question 2 of the Amended Questionnaire and Samford v. Dretke, 4:05cv2003 (S.D. Tex., Houston Div.)).  The Court further notes that venue is not proper in the Northern District of Texas with respect to

6

any current restrictions imposed on Plaintiff's mail and correspondence. Plaintiff has been confined since the filing of his action at the Pack I Unit in Navasota, Texas. The City of Navasota is located in Grimes County, which lies within the Houston Division of the Southern District of Texas. See 28 U.S.C. § 124(b)(2). Accordingly, Plaintiff's claims against TDCJ-CID and Director Dretke for imposing and implementing mail restriction should be transferred in the interest of justice to the Southern District of Texas, Houston Division. See 28 U.S.C. § 1406(a) (when venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against District Attorney Bill Hill be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii). Plaintiff's claims against Cynthia Samford and Investigator H. Dudley Perry should be dismissed as frivolous, but without prejudice to them being reasserted after the Heck conditions are met. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

It is further recommended that Plaintiff's claims against Don H. Costilow be dismissed with prejudice as frivolous, see 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and that Plaintiff's claims against TDCJ-CID and Director Douglas Dretke, for placing his sons on his negative correspondence list and for enforcing restrictions on his mail and correspondence, be transferred in the interest of justice to the Southern District of Texas, Houston Division, for possible consolidation with Samford v. Dretke, et al., Cause No. 4:05cv2003 (S.D. Tex., Houston Div.).

It is further recommended that Plaintiff's motions to compel filed on November 15 and December 16, 2005, be denied as moot.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 17th day of January, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.